887 So.2d 539 (2004)
Todd DENNIS
v.
GAIL WASHINGTON STEWART, Tiffany K. Scott, Tarra K. Scott, Tamarra Scott Landry, Tanica K. Scott and Tamonica K. Scott.
No. 04-CA-405.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2004.
*540 Malinda Hills-Holmes, Kenner, LA, for Defendants/Appellants, Gail Washington Stewart and Tiffany K. Scott.
Gregory A. Miller, Norco, LA, for Plaintiff/Appellee, Todd Dennis.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
This is a declaratory judgment proceeding to establish that plaintiff, Todd Dennis, is the sole heir of the late Baldwin Dennis, in opposition to six out-of-marriage descendants of the decedent. The trial court granted a summary judgment in favor of the plaintiff and two of the defendants appealed. We affirm.
This appeal presents a case study of the difference between formal and informal acknowledgment of children born outside of marriage.[1]
The uncontested facts, as set out in the various pleadings and exhibits filed in connection with the motion for summary judgment, are as follows:
Baldwin Dennis was married to Dorothy Louise Pryor on March 16, 1957. The only child of their marriage was Todd Dennis, born on November 4, 1959. Baldwin Dennis died on October 31, 1994. Todd Dennis was placed into possession of Baldwin Dennis' estate by judgment of possession dated November 6, 2002, including immovable property located at 166 Diamond Road in Norco, St. Charles Parish.
Todd Dennis subsequently signed a sales purchase agreement for a portion of the Diamond Road property, subject to his clearing a cloud on the property's title arising from claims of Baldwin Dennis' descendants by out-of-marriage relationships. Todd Dennis then filed this suit for declaratory judgment against Gail Washington Stewart, Tiffany K. Scott, Tarra K. Scott, Tamarra Scott Landry, Tanica K. Scott and Tamonica K. Scott.
Plaintiff did not contest that Baldwin Dennis was the biological father of Deborah Scott and Gail Stewart. Plaintiff contended, however, that because Baldwin Dennis never formally acknowledged Deborah Scott or Gail Stewart, and neither Gail Stewart nor Deborah Scott timely filed filiation proceedings, defendants are forever barred from being named heirs of Baldwin Scott.
Tiffany K. Scott, Tarra K. Scott, Tamarra Scott Landry, Tanica K. Scott, and Tamonica K. Scott are the children of the late Deborah Dennis Scott, who was born on September 8, 1949 and died on November 28, 1997. Deborah Dennis Scott was the daughter of Birthena Brown by an out-of-marriage relationship with Baldwin Dennis. Deborah Scott was 45 years old when Baldwin Dennis died.
*541 Gail Washington Stewart, born on January 24, 1954, is the daughter of Isabelle Washington by an out-of-marriage relationship with Baldwin Dennis. Gail Washington Stewart was 40 years old when Baldwin Dennis died.
Baldwin Dennis never acknowledged the birth of either Deborah Dennis Scott or of Gail Washington Stewart on any birth or baptismal certificate; he never adopted either of them; he never recognized either of them as his child by notarial act. Neither Deborah Dennis Scott nor Gail Washington Stewart ever filed a filiation proceeding regarding Baldwin Dennis.
Both Deborah Scott and Gail Stewart were listed in the obituaries of Dorothy Dennis and Baldwin Dennis as their children. In August 1993, Deborah Scott was listed as a joint signer with Baldwin Scott and designated as "daughter" on a disability/survivor benefits direct deposit authorization form of the Teachers' Retirement System of Louisiana. Baldwin Dennis and Deborah Scott had a joint checking account; later, Deborah Scott and Todd Dennis had a joint checking account. Deborah Scott was beneficiary of a policy insuring the life of Baldwin Dennis. Baldwin Dennis was listed as Deborah Scott's father in her application for a Social Security Number. Deborah Scott also is listed as "Informant" on Baldwin Dennis' death certificate. The expenses for Baldwin Scott's funeral were billed to Deborah Scott.
A document drafted by a notary public, purporting to be a last will and testament of Baldwin Dennis, bearing a date of February 1994 but never signed, contained the following pertinent language:
I leave and bequeath all my property, both real and personal and both separate and community, conjointly to my children, Deborah Dennis, wife of Harry Scott; Gail Washington, wife of Robert Stewart; and Todd M. Dennis, in equal shares, share and share alike.
I appoint my daughter, Deborah Dennis Scott, as executrix of this, my last will and testament, with full seizin and without bond.
In a letter directed "To Whom It May Concern," Victor B. Dennis, Jr., nephew of Baldwin Dennis, stated that Baldwin Dennis claimed Deborah Scott and Gail Stewart as his daughters, that Deborah was the primary caregiver for Baldwin Scott in the last years of his life, that at his death he was staying with Deborah and her family full-time, and that Gail Stewart assisted Deborah in caring for him as needed. A letter from Ophelia Dennis Cloudet, niece of Baldwin Dennis, stated that Baldwin Dennis always acknowledged Deborah Scott and Gail Washington as his daughters.[2]
An affidavit from Tarra Scott and Tiffany Scott stated that they have always known Baldwin Dennis as their grandfather; that Baldwin Dennis lived in front of their house, where they visited him every day and called him Grandpa Bob; that Baldwin Dennis lived with their mother and her family after the death of his wife, until his death in 1994; at all times Baldwin Dennis acknowledged their mother, Deborah Dennis Scott, as his daughter in front of friends and family members; and Baldwin Dennis attended the weddings of the grandchildren in the role of a grandfather.
*542 In granting the summary judgment, the trial court stated:
[W]hile the defendants did have legal rights at one time ... the legislature gave you a time line to exercise those rights. Basically, y'all didn't do it....
The record is devoid and has no information whatsoever showing that legal proceedings were had as required by Louisiana law or that the people took the appropriate steps to have themselves declared the children of the late Baldwin Dennis. I'm not saying they are not his children. I'm just saying they did not do the legal steps necessary to be declared the children of Mr. Dennis. So the result is harsh. The result in my opinion [is] cruel, but I have to follow the law. The law is that these actions were not taken and I have no recourse but to grant the relief sought by Mr. Todd Dennis, granting the Motion for Summary Judgment.
Gail Stewart and Tiffany K. Scott joined in a petition for appeal, but the other defendants did not appeal; therefore, the judgment is final as to them.
In the absence of valid testamentary disposition, the undisposed property of the deceased devolves by operation of law in favor of his descendants first. La.C.C. art. 880. Descendants succeed to the property of their ascendants. La.C.C. art. 888.
Children. Under this name are included those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law, as well as descendants of them in the direct line.
A child born of marriage is a child conceived or born during the marriage of his parents or adopted by them.
A child born outside of marriage is a child conceived and born outside of the marriage of his parents.
La.C.C. art. 3506(8), as amended by Acts 2004, No. 23 (eff. Aug. 15, 2004).
Acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in the presence of two witnesses, by the father and mother or either or them, or it may be made in the registering of the birth or baptism of such child. La.C.C. art. 203(A). An acknowledgment by notarial act is deemed to be a legal finding of paternity, while an acknowledgment by registry creates a rebuttable presumption of paternity. La.C.C. art. 203(B).
To establish filiation, a child born out of marriage who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must institute a proceeding under Article 209. La.C.C. art. 208. La.C.C. art. 209 sets out the methods to prove filiation:
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the *543 proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.
Had a proceeding under Art. 209 been filed timely, defendants' evidence might have been sufficient to prove their claims. As the trial court pointed out, however, the time is long past for taking such action. Article 209 was amended to substantially its present form by Acts 1981, No. 720. At that time, Section 2 of the act granted a grace period of one year from the act's effective date for persons affected by the act to bring a proceeding to establish filiation of a child. Section 2 provided further, "If no such proceeding is timely instituted, such filiation may not thereafter be established."
Thus, both Debra Dennis Scott and Gail Washington Stewart, who were past the age of 19 years at the time Act 720 was passed in 1981, had one year from its effective date to file a proceeding under Article 209 to prove their relationship to Baldwin Dennis, who was still alive at that time. Because they never filed a filiation proceeding, they lost forever their opportunity to be recognized in law as his children.
We acknowledge, as did the trial court, that the result is harsh, especially in a case such as this, in which the defendants have been recognized informally all their lives as the child or grandchildren of the decedent. Nevertheless, we are bound to follow the law and we cannot change this result.
For the foregoing reasons, the judgment is affirmed. Costs of appeal as assessed against the defendants-appellants.
AFFIRMED.
NOTES
[1] Pursuant to Acts 2004, No. 26 (eff. August 15, 2004), many of our codal and statutory laws no longer use the terms "legitimate" and "illegitimate" to denote the status of children. Instead, Act 26 of 2004 changed the terminology to "child born of marriage" and "child born outside of marriage," in designated articles of the various Codes and in designated sections of the Revised Statutes.
[2] Neither of these letters was in the form of an affidavit or otherwise authenticated so as to be considered valid evidence.